**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| German Lopez Martinez, on behalf of himself and all others similarly situated, § § § | | |
| Plaintiff, § § | Case No. 4:20-cv-528 | |
| v. § § | COLLECTIVE ACTION | |
| Tyson Foods, Inc., § § | JURY TRIAL DEMANDED | |
| Defendant. § | | |

**ORIGINAL COMPLAINT**

NOW COMES Plaintiff German Lopez Martinez ("Plaintiff" or "Martinez") who files this Original Complaint against Defendant Tyson Foods, Inc. ("Defendant" or "Tyson Foods"), showing in support as follows:

## I.   INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"), for Defendant's failure to pay all due and owing overtime wages to Plaintiff.

2. Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all other similarly situated employees of Defendant.

3. Plaintiff worked for Defendant as a production supervisor during the time period relevant to this lawsuit. Plaintiff's job duties did not include hiring or firing other employees, or setting their schedules. Plaintiff spent approximately ninety percent of his time on the production line performing the same type of work as the hourly-paid employees he was supervising.

4. Plaintiff frequently worked over forty hours per week, often working approximately 80 hours per week due to working seven days per week.

1

5. Even though Plaintiff should have been paid an hourly rate as a non-exempt employee pursuant to his job duties, and received overtime premium pay when he worked in excess of forty hours in a workweek, Defendant at all times paid Plaintiff on a salary basis. As a result, Plaintiff did not receive all overtime pay to which he was entitled. This misclassification, and the resulting underpayment of wages, was in violation of the FLSA.

6. Similarly, Defendant paid all of its production supervisors on a salary basis, notwithstanding that their work was that of a non-exempt employee. Those production supervisors worked similar hours to those worked by Plaintiff, and did not receive overtime premium pay for hours worked over forty in each workweek. Consequently, Defendant failed to pay overtime wages to its production supervisor employees in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

7. Now, therefore, Plaintiff seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's failure to pay Plaintiff and similarly situated production supervisor employees overtime premium pay for all hours worked over forty in a workweek due to its misclassification of such employees as exempt from the overtime requirements of the FLSA.

## II.   THE PARTIES

### A.   Plaintiff German Lopez Martinez

8. Plaintiff German Lopez Martinez is an individual residing in Tarrant County, Texas. He has standing to file this lawsuit.

9. Plaintiff was employed by Defendant Tyson Foods, Inc. at times as a pepperoni slice supervisor, and at all times relevant to this lawsuit as a production supervisor.

10. Plaintiff was employed with Defendant for approximately thirty years, beginning in or around 1988, and ending on or about January of 2020.

11. Plaintiff's written consent to participate in this action is filed herewith as Exhibit 1.

**B.     Putative Collective Action Members**

12. The putative Collective Action Members are all current and former employees of Defendant Tyson Foods who worked as salaried supervisors, but were misclassified as exempt employees under the FLSA and consequently did not receive all overtime wages due to them, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.

**C.     Defendant Tyson Foods, Inc.**

13. Defendant Tyson Foods, Inc. ("Defendant" or "Tyson Foods"), is a corporation formed in Delaware doing business in the State of Texas.

14. Defendant's principal place of business is at 2200 Don Tyson Parkway; Springdale, AR 72762.

15. Defendant may be served in Texas through its registered agent, CT Corporation System; 1999 Bryan Street, Suite 900; Dallas, TX 75201-3136.

16. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

18. At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

## III.    JURISDICTION AND VENUE

19.    This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331.

20.    The United States District Court for the Northern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in Texas and in this District.

21.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## IV.    FACTUAL BACKGROUND

22.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23.    Defendant is a meat processor. Defendant operates a meat processing/packing plant in Fort Worth where Plaintiff worked for approximately thirty years.

24.    Plaintiff worked as a production supervisor for Defendant. Despite his job title, ninety percent of Plaintiff's work was spent performing manual labor tasks on the production line.

25.    Plaintiff did not manage Defendant's enterprise at the Fort Worth location, nor did he manage a customarily recognized department or subdivision of that enterprise.

26.    He did not have the authority to hire or fire other employees, and his suggestions and recommendations as to the hiring, firing, promotion or other change of status of any other employee was not given particular weight.

27.    Plaintiff did not primarily perform office or non-manual work directly related to the management or general business operations of Tyson Foods. He was not permitted to exercise

any discretion or independent judgment with respect to matters of significance in connection with his work for Tyson Foods.

28. Rather, Plaintiff was primarily tasked with performing manual labor tasks. He occasionally provided guidance and encouragement to co-workers who also performed manual labor tasks due to his many years of service with Defendant.

29. Plaintiff was a "blue-collar" worker to whom the FLSA's overtime premium pay requirements apply, as he mainly worked performing repetitive operations with his hands, physical skill and energy. Plaintiff was not a managerial worker.

30. Although Plaintiff did not have any of the job duties or responsibilities of an exempt employee, Defendant paid Plaintiff on a salary basis at all times relevant to this lawsuit.

31. Plaintiff frequently worked over forty hours in a workweek. He regularly worked seven days a week resulting in him working between eighty to one hundred hours per workweek.

32. When Plaintiff worked in excess of forty hours in a workweek, he did not receive all of the overtime premium pay which he was due because Defendant misclassified him as an exempt employee under the FLSA paid him on a salary basis.

33. Instead, Plaintiff should have been paid on an hourly basis and received overtime wages at the rate of one and one-half times his respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1). Defendant's failure to pay Plaintiff all of the overtime premium pay owed to him was in violation of the FLSA.

34. Numerous other employees performed job duties similar to Plaintiff as production supervisors of Defendant pursuant to the same pay policy and/or practice. Defendant's wage payment policy and/or practice resulted in Plaintiff and similarly situated production supervisors not being paid all overtime wages owed by Defendant in violation of the FLSA.

## V.     FLSA CLAIMS

35.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

**A.     FLSA Coverage**

36.     All conditions precedent to this suit, if any, have been fulfilled.

37.     At all times relevant to this lawsuit, Defendant is/was an eligible and covered employer under the FLSA pursuant to 29 U.S.C. § 203(d).

38.     At all times relevant to this lawsuit, Defendant is/has been an enterprise engaged in commerce under the FLSA pursuant to § 203(s)(1).

39.     At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. For instance, Plaintiff and the putative Collective Action Members were responsible for various tasks within Defendant's meat packing plant in connection with processing meat for eventual consumer purchase.

40.     At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people. Examples of such goods and/or materials include packing materials and cutting machines/tools required to process meat for eventual consumer purchase.

41.     At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

**B.    FLSA Allegations**

42.    The FLSA applied to Plaintiff and the putative Collective Action Members when they worked as production supervisors.

43.    At all relevant times, Plaintiff and the putative Collective Action Members were, and should have been designated and paid by Defendant as, non-exempt employees pursuant to the FLSA.

44.    Although Plaintiff and the putative Collective Action Members received salaries for their work for Defendant, they should have been designated and paid by Defendant on an hourly-basis, and received time and one-half their respective regular rates of pay for all hours each worked over forty in a workweek.

45.    Plaintiff and the putative Collective Action Members frequently worked seven-day workweeks, and frequently worked more than forty hours per workweek, sometimes as much as eighty to one hundred hours per week. However, Defendant did not provide adequate additional compensation for the hours over 40 worked by its production supervisor employees.

46.    Instead, during the relevant time period, Defendant paid Plaintiff and the putative Collective Action Members on a salary basis, and denied them overtime premium pay for hours worked over forty in a workweek.

47.    This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

**C.    Collective Action Allegations**

48.    Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former production supervisors who did not receive overtime premium pay for all hours worked over forty per workweek within the three years prior to the date Plaintiff filed this

Complaint through the date of the final disposition of this action due to Defendant's misclassification of such employees as exempt under the FLSA. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

49.     Plaintiff has actual knowledge that putative Collective Action Members have been denied overtime premium pay for all hours worked over forty in a workweek. Plaintiff worked with other production supervisor employees of Defendant who were salaried and did not receive all overtime wages due to them. This resulted in personal knowledge of the treatment of those co-workers.

50.     The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on a salary basis relative to their work as production supervisors who did not receive overtime premium pay for all hours worked over forty in a workweek.

51.     The putative Collective Action Members regularly work or have worked in excess of forty hours in a workweek.

52.     Defendant's failure to pay overtime premium wages for any hour Plaintiff and the putative Collective Action Members worked over forty in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Action Members.

53.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

54.     Although the exact amount of damages may vary among the putative Collective Action Members, the damages owed to them are easily calculable using a simple formula uniformly applicable to all of them.

55. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **all current and former production supervisor employees of Defendant Tyson Foods who did not receive all due and owing overtime pay for hours worked over forty in each workweek within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

56. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

57. Plaintiff further reserves the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VI.   CAUSE OF ACTION

**A.   Violation of the FLSA – Failure to Pay Overtime Premium Pay Due to Employer's Misclassification of Non-Exempt Employees. 29 U.S.C. § 207(a)(1).**

58. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

59. The foregoing conduct, as alleged, violated the FLSA.

60. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

61. Defendant was and is required to pay Plaintiff and similarly situated production supervisors overtime wages at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

62. Defendant failed to pay Plaintiff and the putative Collective Action Members at the rate of one and one-half times each such employees' respective regular rate of pay for all hours worked over forty in a workweek.

63. Defendant's conduct was willful and done to avoid paying overtime wages. 29 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

64. Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay overtime premium pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## VII.  JURY DEMAND

65. Plaintiff hereby demands a jury trial on all causes of action and claims for relief with respect to which he and the putative Collective Action Members have a right to jury trial.

## VIII.  DAMAGES AND PRAYER

66. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. An Order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

   b. An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

   c. Costs of action incurred herein, including expert fees;

   d. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

   e. Post-judgment interest; and

   f. Such other and further relief as the Court may deem just and proper.

Dated: May 22, 2020

        Respectfully submitted,

        SHELLIST | LAZARZ | SLOBIN LLP

        By:    <u>s/Melinda Arbuckle</u>
                Melinda Arbuckle
                State Bar No. 24080773
                marbuckle@eeoc.net
                Ricardo J. Prieto
                State Bar No. 24062947
                rprieto@eeoc.net
                Shellist Lazarz Slobin LLP
                11 Greenway Plaza, Suite 1515
                Houston, TX 77046
                (713) 621-2277 – Telephone
                (713) 621-0993 – Facsimile

        ATTORNEYS FOR PLAINTIFF AND PUTATIVE
        COLLECTIVE ACTION MEMBERS