IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GERMAN LOPEZ MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00528-P |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court is Defendant's Partial Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ("Motion"). ECF No. 20. Having considered the Motion, Plaintiff's Response (ECF No. 25), Defendant's Reply (ECF No. 31), docket entries, and applicable law, the Court finds that the Motion should be and is hereby **GRANTED.**

## BACKGROUND

This is an overtime compensation dispute arising under the Fair Labor Standards Act ("FLSA"). Plaintiff German Lopez Martinez ("Martinez") was employed by Defendant Tyson Prepared Foods, Inc. ("Tyson") from approximately 1988 to January 2020 in Fort Worth, Texas. ECF No. 9, Am. Compl. at ¶¶ 10, 23. During his employment with Tyson, he worked at times as a pepperoni slice supervisor, and at all times relevant to his lawsuit as a production supervisor. *Id.* at ¶ 9. Martinez initiated this action by filing a Complaint in this Court on May 22, 2020, and later a First Amended Complaint ("Amended Complaint") on June 23, 2020. *See* Orig. Compl., ECF No. 1; *see also* Am. Compl. In his

Amended Complaint, Martinez alleges Tyson violated the FLSA, 29 U.S.C. §§ 201–219, and the Portal-to-Pay Act, 29 U.S.C. §§ 251–262, for failure to pay Martinez all due and owing overtime wages. Am. Compl. at ¶ 1. Martinez is a resident of Texas, and Tyson was incorporated in Delaware and has its principal place of business in Arkansas. *Id*. at ¶ 8, 13–14; Mt. at 13.

Martinez filed an Expedited Motion for Conditional Certification and Notice Pursuant to 29 U.S.C. § 216(b) asking the Court to conditionally certify this action pursuant to 29 U.S.C. § 216(b) and approve notice to be sent to "[a]ll production supervisors employed by Tyson during the last three years who were paid with a salary and who did not receive overtime pay . . . ." ECF No. 28. During the motion's pendency, the Fifth Circuit explicitly rejected the *Lusardi* approach to conditional certifications of FLSA actions and formally adopted a new approach. *See Swales v. KLLM Transp. Servs., L.L.C.*, No. 19-60847, 2021 WL 98229 (5th Cir. Jan. 12, 2021). In light of *Swales*, the Court entered an order on January 13, 2021, denying without prejudice Martinez's motion for conditional certification and ordering him to file an amended motion for conditional certification addressing the *Swales* approach. ECF No. 41. The Court then granted parties' Joint Motion for Extension of Time requiring parties to submit a joint proposed scheduling order for discovery and briefing on the certification issue no later than seven days after the Court issues its ruling on Tyson's Partial Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2). ECF No. 44.

Tyson filed a Partial Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) on September 21, 2020 (ECF No. 20), Martinez filed his Response to this

Motion on October 13, 2020, (ECF No. 25), and Tyson filed its Reply on October 27, 2020 (ECF No. 31). This Motion is now ripe for review.

## LEGAL STANDARDS

### A.      Federal Rule of Civil Procedure 12(b)(2)

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg. Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Stuart*, 772 F.2d at 1192. Allegations in the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Wyatt*, 686 F.2d at 282–83 n.13 (citing *Black v. Acme Markets, Inc*., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for purposes of determining whether a *prima facie* case exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

### B.      Personal Jurisdiction

In a federal question case, the Fifth Amendment's Due Process Clause fixes the limits of the Court's personal jurisdiction. *Ins. Corp. of Ireland v. Compagnie des Bauxites*

*de Guinee*, 456 U.S. 694, 702 (1982). To "exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[S]ervice of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure." *Id.* Rule 4 makes service of process effective over a defendant either "when authorized by a federal statute" or where the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k). The FLSA—unlike some federal statutes—does not authorize nationwide service of process. Therefore, under Rule 4, service can only be effective to the extent a Texas state court of general jurisdiction could exercise jurisdiction over a defendant. Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[1] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be consistent with due process. *Id*.

## ANALYSIS

Tyson argues that the Court lacks personal jurisdiction over it with respect to the FLSA claims of out-of-state putative collective members and, as such, that the Court should dismiss any claims asserted on behalf of out-of-state putative opt-in plaintiffs for conduct that did not occur in Texas. Mt. at 1. In contrast, Martinez argues that the Court need only have personal jurisdiction over Martinez on behalf of the collective members and that deciding this issue prior to conditional certification is premature. Resp. at 5–6, 10.

---

[1]*See, e.g.*, *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985).

**A.      The Court must decide the 12(b)(2) Motion prior to conditional certification.**

As an initial matter, Martinez argues that the Court may not rule on this 12(b)(2) Motion prior to conditional certification. Resp. at 10. The Court disagrees.

In Martinez's Response, he argues that any *Bristol-Meyers* defense is premature at the motion to dismiss stage and cites *Cruson v. Jackson National Life Insurance Company* to support this proposition. *Id*. Martinez's reliance on *Cruson* is misplaced because, in that case, the Court analyzed whether a personal jurisdiction defense had been brought too late instead of whether it was premature, which is the issue in this case. *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 246–47 (5th Cir. 2020). The issue in *Cruson* was whether the personal jurisdiction defense was available under Rule 12(g)(2) when the defendant filed its Rule 12 Motions. *Id*. at 250. Further, the Court finds that it must decide this issue now because "[c]ourts should only authorize notice to individuals who might be in the collective," and prolonging this determination would "only sow confusion." *Greinstein v. Fieldcore Servs. Sols., LLC*, No. 2:18-CV-208-Z, 2020 WL 6821005, at *3 (N.D. Tex. Nov. 20, 2020) (Kacsmaryk, J.).

**B.      The Court does not have personal jurisdiction over potential out-of-state opt-in plaintiffs' claims because *Bristol-Myers Squibb* applies.**

There are two types of personal jurisdiction under the Fourteenth Amendment: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1779–80 (2017). General jurisdiction over a corporation exists where the company is incorporated and where it maintains its

principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Martinez does not assert that general jurisdiction will apply, nor would it apply. Resp. at 5.

Specific jurisdiction exists over suits that arise out of a defendant's contact with the forum. *Daimler*, 571 U.S. at 127. The Fifth Circuit articulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Libersat v. Sundance Energy, Inc.*, 978 F.3d 315, 318–19 (5th Cir. 2020). Tyson concedes this Court has personal jurisdiction over Tyson for purposes of the claims brought by Martinez individually. Reply at n.1 (citing Answer at ¶ 21). The question is whether the Court has jurisdiction over out-of-state putative opt-in plaintiffs. It does not.

1.    *BMS* applies to FLSA cases.

Defendant asks the Court to adopt the Supreme Court's holding in *Bristol-Myers Squibb* ("*BMS*") and apply that holding to this FLSA collective action. Mt. at 7. Alternatively, Martinez urges the Court to follow the *Swamy* line of cases and refuse application of *BMS* to FLSA collective actions. Resp. at 11. The Court determines that the holding in *BMS* is applicable to this case and FLSA collective actions in general.

In *BMS*, the Supreme Court addressed the second factor regarding relatedness in the context of whether California state courts had specific jurisdiction over the tort claims of nonresident plaintiffs against out-of-state defendants. *Bristol-Myers Squibb*, 137 S. Ct. at

1773. The issue in *BMS* was whether a California state court could exercise specific personal jurisdiction over a company when in-state plaintiffs joined with out-of-state plaintiffs asserting products liability claims. *Id*. at 1778. A group of plaintiffs—consisting of 86 California residents and 592 residents of 33 other states—filed eight separate complaints in California state court all alleging claims under California law. *Id*. The Supreme Court held that the California court did not have specific jurisdiction over the out-of-state defendants for the out-of-state plaintiffs' claims because the out-of-state plaintiffs' claims had no connection to California. *Id*. at 1778. District courts throughout the country are split on whether *BMS* applies to FLSA collective actions and no circuit courts have addressed the issue.

The Court holds *BMS* applicable to FLSA collective actions. In accordance with *BMS*, the Court cannot exercise personal jurisdiction over potential out-of-state plaintiffs' claims. In language wholly applicable here, a court in this district recently applied *BMS* to FLSA cases:

> Opt-in plaintiffs under the FLSA are no different from the out-of-state plaintiffs who joined the mass tort actions at issue in *BMS*. Opt-in plaintiffs are real *parties* in interest who have joined with an in-state plaintiff to pursue claims based on similar conduct that occurred somewhere else. *BMS* holds that a court cannot exercise personal jurisdiction for such claims.

*Greinstein*, 2020 WL 6821005 at *4 (emphasis in original). The *Greinstein* court began its analysis by reviewing the text of the statute. *Id*.; *see also Shannon v. United States*, 531 U.S. 561, 584 (1995) (Thomas, J.) ("we turn first, as always, to the text of the statute"). The statute requires plaintiffs to opt-in by stating that no "employee shall be a *party* plaintiff to any such action unless he gives his consent in writing to become such a *party*

and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b) (emphasis added). "In other words, 29 U.S.C. § 216(b) does not truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees." *Roy v. FedEx Ground Package Sys., Inc.*, 353 F.Supp.3d 43, 59 (D. Mass. 2018) (quoting *Anjum v. J.C. Penney Co.*, 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014)). "Thus, 'every plaintiff who opts in to a collective action has party status.'" *Greinstein*, 2020 WL 6821005, at *4 (quoting 7B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC. & PROC. § 1807 (3d ed. 2020)). Therefore, the Court adopts the well-reasoned conclusion of Judge Kacsmaryk in *Greinstein* and other district courts who have found that the personal jurisdiction analysis applies to all opt-in plaintiffs in a collective action in the same way that the Supreme Court found that the personal jurisdiction analysis applies to each plaintiff in a mass tort action. *Greinstein*, 2020 WL 6821005, at *4 (citing *Chavira v. Os. Restaurant Serv., LLC*, 2019 WL 4769101, at *6 (D. Mass Sept. 30, 2019)).

Further, the Court holds that *BMS* applies to this case specifically. *BMS* states that for each claim "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myer Squibb*, 137 S. Ct. at 1780 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Here, there is no affiliation between potential out-of-state plaintiffs' claims and Texas. Further, Martinez makes no argument for relatedness and solely relies on *BMS*'s inapplicability. Therefore, since the Court finds *BMS* applicable to FLSA actions and Martinez makes no argument for relatedness, potential out-of-state

8

opt-in plaintiffs fail to satisfy the relatedness requirement necessary to establish specific jurisdiction.

        2.     <u>*Swamy* and its progeny</u>

Martinez relies on *Swamy v. Title Source, Inc.*, which held that FLSA claims—unlike state tort claims addressed in *BMS*—are "federal claim[s] created by Congress specifically to address employment practices nationwide." *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780, at \*2 (N.D. Cal. Nov. 10, 2017). *Swamy* and its progeny refuse to apply *BMS* to FLSA collective actions primarily arguing: (1) the lack of federalism concerns in FLSA actions, and (2) the purported frustration of Congressional purpose. The Court declines to follow the flawed*, non-binding, non-textual, and unpersuasive Swamy line of cases. See* ANTONIN SCALIA, COMMON–LAW COURTS IN A CIVIL–LAW SYSTEM, in A MATTER OF INTERPRETATION 20 (Amy Gutmann, ed. 1997) ("Congress can enact foolish statutes as well as wise ones, and it is not for the courts to decide which is which and rewrite the former."); Oliver Wendell Holmes, *The Theory of Legal Interpretation*, 12 HARV. L. REV. 417, 419 (1899) ("We do not inquire what the legislature meant; we ask only what the statute means.").

        a.     <u>Federalism concerns</u>

District courts following *Swamy* believe that if the federalism concerns of *BMS* disappear, then they are free to reweigh the due process calculus, and that then personal jurisdiction could be exercised over defendants. This policy-driven approach is incompatible with Rule 4 of the Rules of Civil Procedure.

Rule 4 governs the service of process in FLSA cases, which gives the Court personal jurisdiction over defendants. Rule 4(k)(1)(A) specifically limits effective service to a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Therefore, district courts are bound to the same limits as state courts. Stated otherwise, "Rule 4(k)(1)(A) is, itself, a limit on jurisdiction when it is the only basis for the exercise of personal jurisdiction." *Greinstein*, 2020 WL 6821005, at *5. The *Swamy* line of cases "attempts to extend district court jurisdiction beyond that of state courts by re-doing the Fourteenth Amendment balancing test of *BMS*," which "flies in the face of the *textual* command of Rule 4." *Id*. (emphasis in original). It is irrelevant if federalism concerns are absent in the FLSA context, because Rule 4 restricts federal courts to the same limitations as state courts.

b.      Purported frustration of Congressional purpose

The *Swamy* court expressed concern that the application of *BMS* to FLSA cases would frustrate Congressional purpose in that it would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Swamy*, 2017 WL 5196780, at *2. These concerns, however, are unwarranted. *See Zuni Pub. Sch. Dist. No. 89 v. Dep't of Educ*., 550 U.S. 81, 117 (2007) (Scalia, J., dissenting) ("Thus, what judges believe Congress 'meant' (apart from the text) has a disturbing but entirely unsurprising tendency to be whatever judges think Congress must have meant, i.e., should have meant." (emphasis in original)).

10

*First*, as the *Greinstein* court expressed, "nothing about a territorial limit prevents a nationwide collective action. The plaintiff merely must sue where the defendant is subject to general jurisdiction." *Greinstein*, 2020 WL 6821005, at *6. *Second*, Congress did not include a nationwide service of process provision in the FLSA. *Id*. Twenty-four years prior to the FLSA's passage, Congress provided for nationwide service of process in the Clayton Act. 15. U.S.C. § 22. Congress's failure to provide a similar provision in the FLSA suggests Congress intended to limit where nationwide actions can be brought. "When Congress knows how to provide a remedy but does not do so, courts should infer that Congress's decision was intentional." *Greinstein*, 2020 WL 6821005, at *6 (citing *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 485 (1996) ("Congress thus demonstrated in CERCLA that it knew how to provide for the recovery of cleanup costs, and that the language used to define the remedies under RCRA does not provide that remedy.")).

The *Swamy* cases further argue against application of *BMS* to FLSA cases in the name of judicial efficiency and to "avoid piecemeal litigation by not requiring [p]laintiffs to bring individual claims in each state where an opt-in [p]laintiff works for [d]efendants." *Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-CV-01353-JCS, 2020 WL 4505482, at *10 (N.D. Cal. Aug. 5, 2020). However, relying on broad purposes of the FLSA is an impermissible form of statutory construction. *Greinstein*, 2020 WL 6821005, at *6 (citing *Rodriguez v. United States*, 480 U.S. 522, 525 (1987)). As stated earlier, plaintiffs bringing an FLSA suit may all unify by bringing one suit in a state exercising general jurisdiction over the defendant corporation. More importantly, this Court and all courts must apply the text of the law, not alter it. *Evans v. Jordan*, 8 F. Cas. 872, 873 (C.C. Va. 1813) (Marshall,

J.), *aff'd*, 13 U.S. (9 Cranch) 199 (1815) ("[In the legislative branch] is confided, without revision, the power of deciding on the justice as well as wisdom of measures relative to subjects on which they have the constitutional power to act. Wherever, then, their language admits of no doubt, their plain and obvious intent must prevail."); *cf. U.S. Fleet Servs. v. City of Fort Worth*, 141 F. Supp. 2d 631, 644 (N.D. Tex. 2001) (Mahon, J.) (refusing to engage in an exercise of "legal jingoism" requiring the court to insert words into a law or rule to arrive at a particular party's interpretation). Therefore, the Court declines to follow *Swamy* and instead follow Rule 4 and the FLSA's plain text.

## CONCLUSION

Based on the foregoing, the Court hereby **HOLDS** that the Court does not have personal jurisdiction over potential out-of-state putative opt-in plaintiffs' claims because the Supreme Court precedence of *Bristol-Myers Squibb* applies to this and all FLSA collective actions. As a result, the Court concludes that Tyson's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) (ECF No. 20) should be and is hereby **GRANTED.**

**SO ORDERED** on this **7th day** of **April, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE